Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JOSEPH G. MARTÍNEZ MÉNDEZ<br><br>Peticionario<br><br>v.<br><br>MARIA CRISTINA COTTO<br>EUFEMIO COTTO<br><br>Recurridos | TA2025CE00492 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Casos núms.: CGL1402025-05735, Q2025-0690<br><br>Sobre: Ley 140 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. Joseph G. Martínez Méndez (señor Martínez Méndez o peticionario) mediante el recurso de *certiorari* de epígrafe. En su escrito, el peticionario solicita la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Municipal de Caguas (TPI), el 25 de agosto de 2025. En dicha determinación, el TPI dispuso del pleito iniciado por el peticionario, al amparo de la Ley núm. 140 del 23 de julio de 1974, 32 LPRA sec. 2871, *et seq.*, según enmendada, conocida como "Ley sobre Controversias y Estados Provisionales de Derecho" (Ley núm. 140).

Por los fundamentos expuestos a continuación, denegamos expedir el auto de *certiorari.*

### I.

En esencia, el señor Martínez Méndez presentó ante el TPI, Sala Municipal de Caguas, una querella contra sus vecinos, la Sra. María Cristina Cotto y el Sr. Eufemio Cotto (en conjunto la Sucesión Cotto), al amparo de la Ley núm. 140, *supra.* Arguyó que su

propiedad sufrió, y continuaba sufriendo, daños como consecuencia de la presencia de un árbol sito, a su entender, en propiedad de la Sucesión Cotto. Entre los daños señaló que se afectaba su sistema de placas solares y se creaban filtraciones de agua y moho en el techo. Además, indicó que recibió diversas quejas de su arrendatario por alegados daños.

El 25 de agosto de 2025, el TPI, Sala Municipal de Caguas, celebró la vista del pleito instado al amparo de la Ley núm. 140, *supra*, en solicitud del corte, poda o remoción de un árbol. Según surge del expediente, en dicha vista, la controversia giró en torno a la inexactitud de la mensura y los puntos de colindancias. Determinándose que el árbol en controversia pertenecía o se encontraba sito en la propiedad del señor Martínez Méndez.

Así las cosas, ese mismo día, el TPI emitió una *Resolución* en la que resolvió *NO HA LUGAR* al pleito instado por el peticionario por falta de competencia, y ordenó el archivo y cierre del mismo.[1] Además, el foro primario refirió a las partes al tribunal superior para la controversia de mensura, puntos y/o colindancia y a su vez, al Centro de Mediación de Conflictos. También apercibió al señor Martínez Méndez para que presente solicitud de corte y remoción del árbol, ya que se encuentra en su propiedad.

En desacuerdo, el 27 de agosto posterior, el peticionario instó una *Moción de Reconsideración,* la cual fue resuelta, a nuestro entender, mediante la *Orden* del 5 de septiembre de 2025.

Inconforme con lo determinado por el TPI, el señor Martínez Méndez acudió ante este foro apelativo, mediante el recurso que nos ocupa, solicitando nuestra intervención. Arguyó que, incidió el TPI al violentar su debido proceso de ley al no permitir que confrontara

---

[1] En igual fecha, el TPI emitió Orden Enmendada en la que refirió a las partes para beneficiarse de los servicios del Centro de Mediación de Conflictos. Por lo que, les ordenó a participar de una sesión de orientación relacionada con la controversia sobre la Ley núm. 140, *supra*, a celebrarse el 23 de septiembre de 2025 a las 8:45 de la mañana.

al testigo, y al fallar en discutir exclusivamente la controversia en daños o riesgos causados por el árbol. Ello, sin considerar los problemas de titularidad y colindancia.

Examinado el recurso y al tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.* La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación**

> **constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, *supra*. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140,155 (2000).

**III.**

En esencia, el peticionario expuso que erró el TPI al violentar su debido proceso de ley al no permitir que confrontara al testigo. Asimismo, señaló que incidió el foro primario al fallar en discutir exclusivamente la controversia en daños o riesgos causados por el árbol sin considerar los problemas de titularidad y colindancia.

Analizado el recurso ante nuestra consideración, en principio, señalamos que todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no contempla la revisión de los dictámenes incluidos en la *Resolución* que se pretende impugnar. Cabe señalar, a su vez, que aun considerando que están presentes los criterios de la Regla 52.1, *supra,* el recurso no satisface los requisitos de la Regla 40 de nuestro Reglamento, *supra.*

Al respecto, ninguno de los planteamientos presentados por el peticionario nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia. Esto debido a que, el dictamen del foro recurrido se fundamentó adecuadamente en la facultad adjudicativa de las reclamaciones que tiene el TPI ante su consideración.

De otro lado, advertimos que a Ley núm. 140 dispone que la persona que no está de acuerdo con lo dispuesto en el procedimiento para la adjudicación provisional de controversias tiene la libertad de instar una acción civil ordinaria.

En fin, al no estar el dictamen recurrido comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra,* procede denegar el recurso, al palio de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 20, 215 DPR __ (2025).

**IV.**

Por los fundamentos antes expuestos, denegamos el recurso de *certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones